IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In Re: | ) | Chapter | 13 Proceeding |
| ALBERT HINCAPIE & ZULAMY E. HINCAPIE | ) | Case No | 15-30476 |
| Debtor | ) | Judge: | JACK B SCHMETTERER |
| | | | |
| ALBERT HINCAPIE & ZULAMY E. HINCAPIE | ) | | |
| Plaintiff | ) | Adv NO. | 15-AP 871 |
| SPECIALIZED LOAN SERVICING, | ) | | |
| | ) | | |
| | ) | | |
| Defendant. | ) | | |

## FINDING FACT AND CONCLUSIONS OF LAW

### A. THE PARTIES

1. The Plaintiffs are Albert Hincapie and Zulemy Hincapie.
2. The Defendant is Specialized Loan Servicing, LLC.

### B. FACTUAL BACKGROUND

1. On September 4, 2015, the Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.
2. Plaintiffs owns the real estate commonly known as 7021 40th Place, Stickney, Illinois 60402.
3. That JPMorgan Chase Bank hold the first mortgage lien on the real estate property commonly known as 7021 40th Place, Stickney, Illinois 60402 with a

secured claim of $138,592.59 pursuant the filed proof of claim JPMorgan Chase Bank.

4. That Specialized Loan Servicing (SLS, LLC) holds a second mortgage lien on the real property commonly known as 7021 40th Place, Stickney, Illinois 60402 with a secured claim of $63,455.86 pursuant defendant last Mortgage Statement dated July 6, 2015.

5. That August 13, 2015, Nilsa Carranza, a real estate licensed broker, performed a Comparable Market Analysis on Plaintiffs real estate property. Said Comparable Market Analysis reflects that the value of the property located at 7021 40th Place, Stickney Illinois to be $133,500.00

6. The Chapter 13 plan filed on September 4, 2015 provide that plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $675.00 per month for 60 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 26% of their allowed claims.

8. On February 8, 2016, the Plaintiffs issue a Alias Summons and Complaint pursuant to 11 U.S.C. §506(a) and Bankruptcy rule 3012 to determine the validity of Defendant's lien on Plaintiffs property located at 7021 40th Place, Stickney, Illinois 60402.

9. Than on February 17, 2016 a copy of the summons and complaint was served in accordance with Fed. R. Bankr. P. 7004 via Certified mail, postage prepaid to:

   a. Specialized Loan Servicing, LLC., 8742 Lucent Blvd., Highlands Ranch, CO 80129

   b. National Registered Agents, Inc., 208 South LaSalle, Suite 814, Chicago, Illinois 60604.

10. The Summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $133,500.

13. That the first secured claim of JPMorgan Chase Bank in the amount of $138,592.59 exhausts the value and equity in Plaintiffs residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. JURISDICTION

1. This contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and 1334(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. <u>Argument</u>

1. This action was initiated under 11 U.S.C. 506(a) and Fed. R. Bankr. P. 3012.

2. The Plaintiffs scheduled the first secured claim with JPMorgan Chase Bank in the amount of $138,592.59 and the second secured claim of Specialized Loan Servicing, LLC., in the amount of $64,061.29.

3. The value of Plaintiffs real estate is $133,500.

4. The first mortgage lien of $138,592.59 exceeds the value of the subject property, $133,500.

5. Under 11 U.S.C. §§ 506(a) and 506(d), Defendants junior mortgage lien would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendants lien is void to the extent it is not allowed a secured claim, if the Debtors Chapter 13 Bankruptcy case is dismissed then any lien voided under §506(d) is reinstated, 11 U.S.C. §349 (b)(1)(c).

6. A majority of circuit courts hold that a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b). *See Nobleman Vs. American Saving Bank, 508 U.S. 324(1993).*

7. Because the second junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed a secured claim and the second junior mortgage lien may be stripped off. *See Pond v. Farm Specialist Realty(In re Pond),252 F.3d 122(2nd Cir. 2001); McDonald V Master Fin., Inc. (In re McDonald) 205 F. 3d 606 (3rd Cir. 2000); Bartee V. Tara Colony Homeowners Association(In re Bartee), 212 F 3rd 277(5th Cir. 2000); In re Tanner, 217 F. 3d 1357(11th Cir. 2000); Zimmer v. PSB Lending Corp., 313 F. 3d 1220 (9th Cir. 2002); In re Lane, 280 F. 3d 663 (6th Cir. 2002).*

Entered:

Dated: 3/17/16

United States Bankruptcy Judge

MAR 17 2016

Manuel A. Cardenas
Law Offices of Manuel A. Cardenas and Associates, P.C.
2059 North Western Avenue
Chicago, Illinois 60647
773-227-6858
Mac.cardenaslaw@att.net